IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DONALD J. USSERY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:24-cv-116 (MTT) |
| ) | |
| HOUSTON COUNTY, GEORGIA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

# ORDER

Defendants Houston County, Georgia and Mark Daniel Heberlig have moved to dismiss plaintiff Donald Ussery, Jr.'s complaint for lack of jurisdiction and for failure to state a claim. Doc. 9. In an effort to afford Ussery, who is proceeding *pro se*, adequate notice and time to respond to the defendants' motion, the following notice is given. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985). If Ussery wishes to respond, he must do so no later than **TWENTY-ONE DAYS from the receipt of this Order**.[1]

If Ussery does not timely respond to the motion to dismiss, the Court may dismiss his claims against the defendants. Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Ussery may submit his argument to this Court by filing a brief in opposition to the motion to dismiss. Unless the Court has granted prior permission, any brief should not exceed 20 pages. M.D. Ga. L.R. 7.4.

---

[1] The Clerk is **DIRECTED** to mail a copy of the motion to dismiss and its exhibits (Docs. 9; 9-1; 9-2; 12) to Ussery at his last known address. Thereafter, all notices or other papers may be served on Ussery directly by mail at his last known address.

The Court evaluates a motion to dismiss based on lack of subject matter jurisdiction using the following standard:

> Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss claims for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, "the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002). A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) generally takes one of two forms—a facial attack or a factual attack. *Garcia v. Copenhaver, Bell & Assocs. M.D.'s*, 104 F.3d 1256, 1260-61 (11th Cir.1997). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Stalley v. Orlando Reg'l Heathcare Sys., Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008). A factual attack, however, "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id*. at 1233.

The Court evaluates a motion to dismiss based on failure to state a claim using the following standard:

> The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (cleaned up). The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

The Court further notes that it *may* consider body camera footage on a motion to dismiss. *See Baker v. City of Madison, Ala.*, 67 F.4th 1268, 1276-78 (11th Cir. 2023); *McDowell v. Gonzalez*, 820 F. App'x 989, 992 (11th Cir. 2020); *Quinette v. Reed*, 805 F. App'x 696, 700 (11th Cir. 2020).

**SO ORDERED**, this 9th day of May, 2024.

                                                  S/ Marc T. Treadwell
                                                  MARC T. TREADWELL, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT