**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DONALD J. USSERY JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:24-CV-116 (MTT)** |
| | ) | |
| **HOUSTON COUNTY, GEORGIA, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

## ORDER

Plaintiff Donald J. Ussery, Jr., moves the Court for leave to amend his complaint, for a hearing, and for reconsideration of its Order (Doc. 21) and Judgment (Doc. 22) entered for defendants Houston County, Georgia and Sheriff's Deputy Mark Daniel Heberlig.  Doc. 23.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga. L.R. 7.6.  Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly."  *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted).  It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law."  *Id*.  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and

any arguments which the party inadvertently failed to raise earlier are deemed waived."
*McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Ussery has requested leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) to assert a claim against Sheriff Cullen Talton, who employed defendant Heberlig but was otherwise uninvolved in the events forming the basis of Ussery's claims.  Doc. 23 at 1.  First, Rule 15(a) "by its plain language, governs amendment of pleadings *before* judgment is entered; it has no application after judgment is entered."  *Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (emphasis in original).  Furthermore, even if Rule 15(a) did allow Ussery to amend his complaint, amendment would be futile because Ussery's assertion of a claim against Talton would still be subject to dismissal.  *Hall v. United Ins. Co. of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004) (quotations omitted).[1]  Thus, Ussery's motion for leave to amend his complaint is denied.

In his motion for reconsideration, Ussery argues that (1) the Court's ruling would have been different if the evidence of his taillights working was not "overlooked" by the Court and (2) Ussery has underlying health conditions which rendered Heberlig's use of force more than de minimis.

---

[1] Any official capacity claims against Talton would be barred by Eleventh Amendment immunity for the same reason the Court determined that Ussery's official capacity claims against Heberlig were barred. *See* Doc. 21 at 7-8.  Likewise, Ussery has not presented any facts that would support a causal connection between Talton's actions and the events forming the basis of Ussery's claims.  *See Keating v. City of Miami,* 598 F.3d 753, 762 (11th Cir. 2010) (While "[i]t is well established that § 1983 claims may not be brought against supervisory officials on the basis of vicarious liability or *respondeat superior*," supervisors may be held "liable under § 1983 'either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation.'") (quoting *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003)).

Ussery argues that the Court would not have dismissed his complaint if the Court had properly considered evidence that his taillights were functional and, in weighing this evidence, concluded that Heberlig lacked probable cause to arrest Ussery.  Doc. 23 at 5.  Ussery claims "The reason for the police stop were the taillights .… [T]he problem here is the taillights worked."  *Id*.  Ussery further argues that "Heberlig allowed the vehicle to be driven away that night … and if the taillights were not working he wouldn't have surely allowed that unsafe vehicle to proceed back on public roads."  *Id*. at 7. Ussery's motion includes a "vehicle status" report which depicts checkmarks on a list corresponding with entries labelled "lighting system" and "electric lamp system."   Doc. 23-1 at 2-3.

Ussery's argument fails because the taillights were clearly not lighted when Heberlig pulled Ussery over.  Dashcam at 00:17-2:37.  Ussery told Heberlig that he had already received a warning for his taillights and that the taillights were "painted on." Doc. 3, Bodycam at 3:04-3:15.  The dashcam footage and Ussery's explanation regarding the paint demonstrate that Ussery's taillight lenses were not "maintained in good repair" as required by O.C.G.A. § 40-8-23.  *Id*.; Doc. 3, Dashcam at 00:17-2:37. Thus, even if the taillights technically "worked" as Ussery maintains, the taillights were not lighted and the Court correctly concluded that Heberlig had probable cause to arrest and charge Ussery for a taillight violation, in violation of O.C.G.A. § 40-8-23.[2]

Next, Ussery argues that Heberlig's use of force was more than de minimis because of Ussery's preexisting health conditions.  Doc. 23 at 6.  He maintains that

---

[2] The Court further concluded that even if Heberlig lacked probable cause, he would still be entitled to qualified immunity because he at least had "arguable probable cause" to arrest Ussery.  Doc. 21 at 20 n. 11.

"[s]lamming a disabled heart patient with a known heart rhythm condition isn't minor, plus aggravating a known upper aorta issue (ascending aorta) that has gotten much worse since the incident 4/22/22 confirmed by his cardiologist." *Id*. Ussery further alleges that he "battles chronic anxiety, PTSD, and depression," and therefore "even a minimum force … is dangerous." *Id*.

When Ussery refused to exit his vehicle and Heberlig and the backup officer pulled Ussery from the vehicle, Ussery protested and stated that he is "disabled." Doc. 3, Bodycam at 4:39-4:48. Once Heberlig began pushing Ussery onto the hood of the patrol vehicle, Ussery exclaimed that he is a "heart patient," to which Heberlig responded that he is "going to lift [Ussery] back up" but that Ussery needs to "listen to [Heberlig]." Doc. 3, Bodycam at 5:10-5:26. In its Order on the motion to dismiss, the Court determined that Heberlig's use of force was de minimis because "Heberlig pushed Ussery down on the hood of his vehicle for less than twenty seconds," "the worst physical injury alleged by Ussery is a bruise," and the use of force took place when Ussery pulled away from Heberlig, before Ussery was "secured" and before any potential danger was "vitiated." Doc. 21 at 18-19.

"Ordinary, reasonable force does not become excessive where it aggravates, however severely, a pre-existing condition the extent of which was unknown to the officer at the time. *Sevostiyanova v. Cobb County*, 484 F. App'x 355, 360 (11th Cir. 2012) (citing *Rodriguez v. Farrell*, 280 F.3d 1341, 1352-53 (11th Cir. 2002)). Here, before Heberlig pushed Ussery onto the hood of the patrol vehicle, Heberlig was at most on notice that Ussery had an unspecified disability. This information could not be sufficient to alert Heberlig that pushing Ussery onto the patrol vehicle, in response to

him pulling away, would aggravate any preexisting condition.  Further, when Ussery told Heberlig that he is a "heart patient," Heberlig said that he would lift Ussery back up and proceeded to do so.  Therefore, Heberlig's conduct does not rise to the level of a constitutional violation.

Because Ussery has failed to show that the Court made a clear error in its previous Order and Judgment (Docs. 21; 22), his motion for reconsideration (Doc. 23) is **DENIED**.[3]

**SO ORDERED**, this 14th day of January, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] For the reasons discussed, Ussery's motion for leave to amend his complaint (Doc. 23) is denied and his motion for a hearing is terminated as moot (Doc. 23).